The Honorable James L. Robart

KATHRYN KENEALLY
Assistant Attorney General

NATHANIEL B. PARKER
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC 20044-0683
Telephone: (202) 307-6547
Facsimile: (202) 307-0054
Email: nathaniel.b.parker@usdoj.gov
western.taxcivil@usdoj.gov
*Attorneys for the United States*

JENNY A. DURKAN
United States Attorney
*Of Counsel*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID G. PFLUM; PILOT ENTERPRISE, LLC; PATRICIA A. PFLUM; SAN JUAN COUNTY; COUNTRYWIDE HOME LOANS <br><br> Defendants. | Case No. 2:12-cv-01632-JLR <br><br> **STIPULATED MOTION TO AMEND ORDER OF SALE** <br><br> Noting Date: 6/24/2013 |

The United States of America and Bank of America, N.A. ("BANA"), FKA Countrywide Home Loans, by and through undersigned counsel, move to amend the Order of Sale, Docket #30 to correct a clerical error.

With its Motion for Default Judgment, the United States submitted a proposed order of sale. Pursuant to a stipulation entered between the United States and Bank of America, the United States acknowledged Bank of America's prior interest in 500 MacDonald Street, Friday Harbor, WA ("Parcel A"). *See* Docket at #20, ¶¶ 1, 3. However, in the proposed order of sale, undersigned counsel for the United States

Stipulated Motion

U.S. Department of Justice
Tax Division, Western Region
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547

inadvertently listed Bank of America's stipulated interest in Parcel A in the distribution schedule relating to Parcel B. *See* Docket at #30, ¶¶ 11, 12. Consequently, the parties respectfully request that paragraph 11 of the Order of Sale be amended to include Bank of America's third-priority interest in the proceeds arising from the sale of Parcel A and paragraph 12 of the Order of Sale be amended to remove Bank of America from the distribution schedule relating to Parcel B. The relief requested herein does not affect the priority of or proceeds payable to San Juan County.

For the reasons set forth above, and based upon the record in this case, the United States and Bank of America request that the Court enter the Proposed Amended Order of Sale submitted herewith.

Dated this 24th day of _____June_____, 2013.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE


Respectfully submitted this 24th day of June, 2013.

| | |
|---|---|
| KATHRYN KENEALLY<br>Assistant Attorney General | /s/ *authorized via electronic mail*<br>PHILIP R. MEADE<br>ROSSI F. MADDALENA<br>Merrick Hofstedt & Lindsey<br>3101 Western Ave., Ste 200<br>Seattle, WA 98121<br>*Attorney for BANA* |
| /s/ Nathaniel B. Parker<br>NATHANIEL PARKER<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>Post Office Box 683<br>Ben Franklin Station<br>Washington, D.C. 20044-0683<br>Telephone:   (202) 307-6547<br>Fax: (202) 307-0054<br>*Attorneys for the United States* | |
| JENNY DURKAN<br>United States Attorney- WD Wash.<br>*Of Counsel* | |

Stipulated Motion

2

1  Certificate of Service

3  The undersigned hereby certifies that he effected the mailing of the foregoing via U.S. Mail, first class,

4  postage prepaid, on June 24 , 2013 to the following:

6  David G. Pflum
   110 W. Bertrand
   St. Marys, KS 66536

8  Patricia Pflum
   110 W. Bertrand
   St. Marys, KS 66536

10 Randall K. Gaylord
   San Juan County Prosecuting Atty's Office
   PO Box 760
11 Friday Harbor, WA 98250
   *Attorney for San Juan County*

13 Philip Randolph Meade
   Merrick Hofstedt & Lindsey
   3101 Western Ave., Ste 200
14 Seattle, WA 98121
   *Attorneys for Countrywide Home Loans*

                                    /s/ Nathaniel B. Parker
17                                  NATHANIEL B. PARKER
                                    Trial Attorney, US Dept. of Justice, Tax Div.

Stipulated Motion

                              U.S. Department of Justice
                              Tax Division, Western Region
                              P.O. Box 683, Ben Franklin Station
                              Washington, D.C. 20044-0683
                3             Telephone: (202) 307-6547

KATHRYN KENEALLY
Assistant Attorney General

NATHANIEL B. PARKER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547
Facsimile: (202) 307-0054
Email: Nathaniel.B.Parker@usdoj.gov
       Western.Taxcivil@usdoj.gov
*Attorneys for the United States*

JENNY DURKAN
U.S. Attorney- WD WASH
*Of Counsel*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:12-cv-1632-JLR |
| v. | ~~PROPOSED~~ AMENDED ORDER OF SALE |
| DAVID G. PFLUM; PILOT ENTERPRISE, LLC; PATRICIA A. PFLUM; SAN JUAN COUNTY; COUNTRYWIDE HOME LOANS | |
| Defendants. | |

This Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403. The Court hereby orders as follows:

1. The parcels of real property upon which foreclosure was sought are a tracts of real property (hereinafter "Subject Properties") are:

   A. Parcel A, located at 500 MacDonald Street, Friday Harbor, WA 98250 and described as follows:

   > Lot 14-2, SHORT PLAT OF FRIDAY HARBOR VIEW, according to the Plat thereof, recorded in Volume 7 of Plats, Pages 31 and 31A, records of San Juan County. Situate in San Juan County, Washington.

   B. Parcel B, located at 566 University Road, Friday Harbor, WA 98250 and described as

1

follows:

>Lot 1, MARBLE ADDITION TO FRIDAY HARBOR, according to the Plat thereof, recorded in Volume 1 of Plats, at page 91, in the office of the Auditor of San Juan County, Washington. Situate in San Juan County, Washington.

C. Parcel C, located at Tucker Ave, Friday Harbor, WA 98250, and more particularly described as follows:

>Lot 1, KARL'S SHORT PLAT, a private subdivision in the Town of Friday Harbor, according to the Short Plat recorded at Volume 5 of Short Plats, page 12, records of San Juan County, Washington and a portion of Lot 2 of said Short Plat, described as follows: Beginning at the Northerly corner common to said Lot 1 and Lot 2 as shown on the said Short Plat; thence along the Northerly boundary of said Lot 2, South 89° 22' 45" East, 11.12 feet; thence leaving said Northerly boundary and running parallel with the boundary common to said Lot 1 and Lot 2, South 0° 20' 01" West, 54.00 feet, thence parallel with said Northerly boundary North 89° 22' 45" West, 11.12 feet to a point on said common boundary; thence along said common boundary North 0° 20' 01" East, 54.00 feet to the point of beginning.
>
>EXCEPTING THEREFROM all that portion of said Lot 1 described as follows:
>
>Commencing at the Northerly corner common to said Lot 1 and Lot 2; thence along the common boundary of said Lot 1 and Lot 2, South 0° 20' 01" West, 54.00 feet to the TRUE POINT OF BEGINNING of the parcel to be described; thence continuing along said common boundary South 54.69 feet to the Southerly corner common to said Lot 1 and Lot 2, thence leaving said common boundary and running along the Southerly boundary of said Lot 1, South 84° 43' 32" West, 11.67 feet; thence South 84° 31' 36" West, 30.39 feet; thence South 75° 16' 57" West, 63.04 feet; thence South 70° 56' 28" West, 25.60 feet to a point on the Easterly margin of Tucker Ave as shown on said Short Plat, thence leaving said Southerly boundary and running along said Easterly margin, the same being the Westerly boundary of said Lot 1, North 0° 18' 39" East, 25.00 feet; thence leaving said margin and said Westerly boundary North 55° 53' 31" East, 104.29 feet; thence South 89° 22' 45" East, 40.88 feet to the True Point of Beginning.
>
>Situate in San Juan County, Washington.

2. The Court held that the United States holds valid federal tax liens arising from Mr. Pflum's income tax liabilities for the 1997 through 2007 tax years and an employment tax liability for the period ending December 31, 1999 on the Subject Properties.

3. The United States' federal tax liens against the Subject Properties are hereby foreclosed. The United States Marshal for the Western District of Washington, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Properties, free and clear of the right, title and interest of all parties to this action and

    any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS representative to carry out the sales under this Order of Foreclosure and Judicial Sale and shall make the arrangements for the as set forth in this Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

4.   The United States Marshal for the Western District of Washington, his/her representative, or a PALS representative is authorized to have free access to the Subject Properties and to take all actions necessary to preserve them including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any parts thereof, until a deed thereto is delivered to the ultimate purchaser.

5.   The terms and conditions of the sales of the Subject Properties are as follows:

    a.   Except as otherwise stated herein, the sales of the Subject Properties shall be by public auction to the highest bidder, free and clear of all liens and interests.

    b.   The sales shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

    c.   Each sale shall be held at the courthouse of the county or city in which the subject property being sold is located, on the premises of the property being sold, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

    d.   Notice of the sale of a subject property shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in San Juan County, Washington, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. **State law notice requirements for foreclosures or execution sales do not apply to these sales under**

3

    **federal law.** The notices of sale shall describe the subject property being sold and contain the material terms and conditions of sale contained in this Order of Foreclosure and Judicial Sale.

e. The minimum bid for each sale will be set by the Internal Revenue Service. If the minimum bid for the sale is not met or exceeded, the Marshal, his or her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder;

f. Bidders shall be required to DEPOSIT at the time of the sale with the Marshal, his/her representative, or a PALS representative, a minimum of ten percent of the bid with the deposit to be made by a certified or cashier's check payable to the United States District Court for the Western District of Washington. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g. The balance of the purchase price of each property in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within twenty (20) days after the date the bid is accepted by a certified or cashier's check payable to the United States District Court for the Western District of Washington. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the federal tax liabilities of David Pflum. The subject property may be offered to the next highest bidder or may be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale. The United States may bid as a creditor against its judgment without tender of cash.

h. The sales of each subject property shall not be final until confirmed by this Court.

4

       The Marshal or a PALS representative shall file a report of the sale with the Court, together with a proposed order of confirmation of sale, within 30 days from the date of receipt of the balance of the purchase price.

    i.    Upon confirmation of the sale, the Marshal or PALS representative shall execute and deliver a deed of judicial sale conveying the subject property sold to the purchaser.

    j.    Upon confirmation of the sale, the interests of, liens against, or claims to the subject property held or asserted by the United States and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sales are ordered pursuant to 28 U.S.C. § 2001. **Redemption rights under state law shall not apply to these sales under federal law.**

    k.    After confirmation of the sale, the Office of the Clerk, San Juan County, shall cause transfer of the subject property to be reflected upon that city's register of title.

6. Until the Subject Properties are sold, Mr. Pflum shall each take all reasonable steps necessary to preserve the Subject Properties (including all buildings, improvements, fixtures and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the Subject Properties. He shall not commit waste against the Subject Properties, nor shall he cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the Subject Properties, nor shall he cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Properties or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall he cause or permit anyone else to do so. **Violation of this paragraph shall be deemed a contempt of court and punishable as such.**

7. All persons occupying any of the Subject Properties shall leave and vacate permanently such property no later than 30 days after entry of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave and vacate the subject properties by the time

specified in this Order, the United States Marshal's Office or the Sheriff of San Juan County is authorized to take whatever action they deem appropriate to remove such person or persons from the premises, whether or not the sale of such property is being conducted by a PALS representative. If any person fails or refuses to remove his or her personal property from the Subject Properties by the time specified herein, the personal property remaining on any of the Subject Properties thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

8. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of a Subject Property is confirmed by this Court, the property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Subject Property to the purchasers thereof.

9. If Mr. Pflum, or any other persons occupying a Subject Property, vacates the Subject Property prior to the deadline set forth in paragraph 8, above, such person shall notify counsel for the United States no later than 2 business days prior to the date on which he or she is vacating the property. Notification shall be made by leaving a message for said counsel, Nathaniel B. Parker, at (202) 307-6547, or by electronic mail directed to nathaniel.b.parker@usdoj.gov.

10. The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser of each subject property into the registry of the court. Upon appropriate motion for disbursement or stipulation of the parties, the court will disburse the funds arising from the sale of each Subject Property in the following partial order of preference until these expenses and liens are satisfied:

11. Partial order of preference of proceeds arising from the sale of Parcel A:

| PRIORITY | PAYEE | AMOUNT |
| --- | --- | --- |
| First | Internal Revenue Service | In the amount of allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the subject property pending sale and confirmation by the Court |
| Second | San Juan County | In the amount of any and all outstanding property taxes encumbering Parcel A as set forth in the Parties' stipulation, Docket #17. |
| Third | Bank of America | In the amount secured by the Deed of Trust encumbering Parcel A at San Juan County Recording Number 20030724028, and assigned, as set forth in the document recorded at Recording Number 20110627019, as set forth in the Parties' stipulation, Docket #20. |
| Fourth | United States | To the remainder of the proceeds, not to exceed the amount of the outstanding federal tax liabilities of Mr. Pflum and accrued interest and penalties. |

///

///

12. Partial order of preference of proceeds arising from the sale of Parcel B:

| PRIORITY | PAYEE | AMOUNT |
|---|---|---|
| First | Internal Revenue Service | In the amount of allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the subject property pending sale and confirmation by the Court |
| Second | San Juan County | In the amount of any and all outstanding property taxes encumbering Parcel B as set forth in the Parties' stipulation, Docket #17. |
| Third | United States | To the remainder of the proceeds, not to exceed the amount of the outstanding federal tax liabilities of Mr. Pflum and accrued interest and penalties. |

///

///

13. Partial order of preference of proceeds arising from the sale of Parcel C:

| PRIORITY | PAYEE | AMOUNT |
|---|---|---|
| First | Internal Revenue Service | In the amount of allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the subject property pending sale and confirmation by the Court |
| Second | San Juan County | In the amount of any and all outstanding property taxes encumbering Parcel C as set forth in the Parties' stipulation, Docket #17. |
| Third | United States | To the remainder of the proceeds, not to exceed the amount of the outstanding federal tax liabilities of Mr. Pflum and accrued interest and penalties. |

DATED this 24th day of June, 2013.

*[signature]*

UNITED STATES DISTRICT COURT JUDGE

Presented by:

KATHRYN KENEALLY
Assistant Attorney General


/s/ Nathaniel B. Parker
NATHANIEL B. PARKER
Trial Attorney, Tax Division
U.S. Department of Justice

Of Counsel:
JENNY DURKAN
United States Attorney, WD Wash.

9