1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   UNITED STATES OF AMERICA,                    CASE NO. C12-1632JLR

11                     Plaintiff,                 ORDER

12              v.

13   DAVID G. PFLUM, et al.,

14                     Defendants.

15                        I.        INTRODUCTION

16          This matter involves an action by Plaintiff United States of America to foreclose

17   federal tax liens upon certain real property of Defendant David G. Pflum.  (*See* Compl.

18   (Dkt. # 1).)  Before the court are several notices or other documents filed by Mr. Pflum

19   (Dkt. ## 33, 35, 37).  Mr. Pflum filed these documents after the court entered default

20   judgment against him (Dkt. # 29) and entered an order of sale with respect to the subject

21   properties (Dkt. # 30, *as amended by* Dkt. # 32).  A large portion of these documents are

22   unintelligible.  (*See generally* Dkt. ## 35, 37.)  The court, nevertheless, liberally

ORDER- 1

1  construes the intelligible portion of these documents as motions for reconsideration under

2  either Federal Rules of Civil Procedure 55(c) or 60(b).  The court has considered Mr.

3  Pflum's motions, the responsive memoranda of the United States (Dkt. ## 34, 36), the

4  balance of the record, and the applicable law.  Being fully advised, the court DENIES

5  Mr. Pflum's motions.

6                              II.     BACKGROUND

7         The United States filed its complaint in this matter on September 20, 2012.  (*See*

8  Compl.)  On December 19, 2012, the United States filed a motion for default and to strike

9  against Mr. Pflum, as well as Defendants Pilot Enterprise, LLC ("Pilot Enterprise") and

10  Patricia A. Pflum.  (Default Mot. (Dkt. # 13).)  On February 14, 2013, the court granted

11  the United States' motion against Ms. Pflum and Pilot Enterprise.  (2/14/13 Order (Dkt.

12  # 22).)  The court did not grant the United States' motion with respect to Mr. Pflum, but

13  rather ordered Mr. Pflum to show cause why the court should not enter default against

14  him.  (*Id.* at 4-5.)  When Mr. Pflum did not timely respond to the court's order to show

15  cause, the court directed the clerk to enter default against him.  (3/5/13 Order (Dkt.

16  # 23).)

17         On May 6, 2013, the United States moved for default judgment against Mr. Pflum,

18  Ms. Pflum, and Pilot Enterprise (Dkt. # 25), and the court granted the United States'

19  motion on June 16, 2013 (Dkt. # 29).  The court also entered an order of sale with respect

20  to certain properties of Mr. Pflum upon which the United States held valid tax liens.

21  (Dkt. # 30, *as amended by* Dkt. # 32.)

22

1    Mr. Pflum filed his first "motion," which he entitled "NOTICE TO CEASE AND

2   DESIST, RESCIND And TERMINATE ALL CASES FILED In KS, WA, & NV District

3   Courts," on June 24, 2013.  (6/24/13 Notice (Dkt. # 33).)  Although Mr. Pflum's notice is

4   not the model of clarity, he appears to assert that the underlying tax liability, for which

5   the United States District Court in the District of Kansas rendered a judgment (*see* Case

6   No. 5-12-cv-05115 (D. Kan.) Dkt. # 21), is invalid because the United States failed to

7   show him the actual assessments on a "Form 23C."  (*See* 6/24/13 Notice at 1, 11-29.)

8   Mr. Pflum also appears to contend that the United States has somehow conceded that

9   Title 18 of the United States Code is invalid.  (*See id.* at 1-4.)  Finally, he appears to

10  assert that his tax liabilities have been offset from a secret treasury account in the name of

11  DAVID GERALD PFLUM in favor of David G. Pflum.  (*See id.* at 4.)

12    On August 23, 2013, Mr. Pflum filed another document which he entitled:

13  "Document-Contract-Federal Postal-Station-Court-Venue (D.-C.-F.-P.-S.-C.-V.) of the

14  Quo-Warranto-Complaint-Document."  (8/23/13 Notice (Dkt. # 35) at 2.)  The document

15  appears to be signed and fingerprinted by Mr. Pflum (styled as ":David-G.: Pflum") and

16  Mr. David Wynn Miller (styled as ":David-Wynn: Miller"), who is identified in the body

17  of the document as a "Federal-Postal-Judge."  (*Id.* at 3-4, 11.)  This filing is filled with

18  arcane language, relies repeatedly on an incoherent doctrine referred to as "C.-S.-S.-C.-

19  P.- S.-G.=Correct-Sentence-Structure-Communications-Parse-Syntax-Grammar," and is

20  generally incomprehensible.  (*See generally id.*)  It is also identical to the "Notice" that

21  Mr. Pflum recently filed in a closed criminal proceeding in Federal District Court in the

22  District of Kansas that was commenced against him in 2004.  (*See* Case No. 5:04-cr-

ORDER- 3

1    40008-SAC (D. Kan.) Dkt. # 166.)  Finally, this filing bears striking resemblance to

2    filings advocated by Mr. Miller in other courts.  *See., e.g.*, *Borkholder v. PNC Bank*, No.

3    3:12–CV–312–TLS, 2012 WL 3256888, at *1-*2 (N.D. Ind. Aug. 8, 2012).

4         On September 17, 2013, Mr. Pflum filed his third notice, entitled:  "QUO-

5    WARRANTO-COMPLAINT-DOCUMENT."  (9/17/13 Notice (Dkt. # 37).)  This

6    document is similar in style to Mr. Pflum's August 22, 2013 filing and similarly

7    incomprehensible.  (*See generally id.*)

8                              **III.    ANALYSIS**

9         Federal Rule of Civil Procedure 55(c) provides that a court may set aside a default

10   for "good cause shown."  Fed. R. Civ. P. 55(c).  The "good cause" standard that governs

11   vacating an entry of default under Rule 55(c) is the same standard that governs vacating a

12   default judgment under Federal Rule of Civil Procedure 60(b).  *See TCI Group Life Ins.*

13   *Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).  The good cause analysis considers

14   three factors:  (1) whether the defendant engaged in culpable conduct that led to the

15   default; (2) whether the defendant had a meritorious defense; or (3) whether reopening

16   the default judgment would prejudice the plaintiff.  *See id*.  The factors are disjunctive,

17   and the court may, therefore, deny the motion if any one of the three factors is true.  *Am.*

18   *Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

19   Here, Mr. Pflum has failed to raise a meritorious defense and setting aside the default

20   judgment would prejudice the United States.

21        To the extent Mr. Pflum's arguments are comprehensible, the court will address

22   each in turn.  First, Title 18 has no bearing on this proceeding.  Title 18 of the United

ORDER- 4

1   States Code relates entirely to crimes, criminal procedure, prisons and prisoners, and

2   immunity of witnesses.  The Untied States brought this action under 26 U.S.C. §§ 7401,

3   7402, and 7403.  (*See generally* Compl.)  This is not a criminal proceeding, and thus Title

4   18 is of no consequence.  In any event, Mr. Pflum's assertions are frivolous.  Title 18 was

5   originally enacted on June 25, 1948.  *See* 62 Stat. 684.  A law listed in the current edition

6   of the United States Code is prima facie evidence of the law of the United States.  *See* 1

7   U.S.C. § 204(a); *McNeil v. United States*, 78 Fed. Cl. 211, 219 (2007) ("There is no

8   question that Congress has provided that the United States Code is prima facie evidence

9   of the laws of the United States . . . .").  The court takes notice of the fact that Title 18

10  appears in the current edition of the United States Code, and Mr. Pflum has presented

11  nothing to rebut this prima facie evidence.

12       Second, Mr. Pflum's assertion that his federal tax debt has been somehow been

13  discharged because the United States did not "verify" his federal tax liabilities through a

14  "Form 23C" or other specified record is frivolous.  As assessment is not rendered invalid

15  on grounds that the taxpayer did not receive a "Form 23C."  Neither Treasury

16  Department Regulations nor the Internal Revenue Code entitles taxpayers to a Form 23C.

17  The applicable regulation only requires the government to provide a summary record of

18  the assessment.  *See* 26 C.F.R. § 301.6203-1 ("If the taxpayer requests a copy of the

19  record of assessment, he shall be furnished a copy of the pertinent parts of the assessment

20  which set forth the name of the taxpayer, the date of assessment, the character of the

21  liability assessed, the taxable period, if applicable, and the amounts assessed."); *Koff v.*

22  *United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) ("We reject the [plaintiffs'] contention

1   that [26 U.S.C. §] 6203 entitles them to a copy of the summary record of assessment on

2   Form 23C upon request.").  In any event, the United States submitted, in conjunction with

3   its motion for default judgment, Forms 4340 outlining the federal tax assessments against

4   Mr. Pflum.  (Default Judg. Mot. ¶¶ 6-17, Exs. 5-16.)  The Form 4340 documents are

5   certified, self-authenticating, and constitute "probative evidence in and of themselves

6   and, in the absence of contrary evidence, are sufficient to establish that notices and

7   assessments were properly made." *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir.

8   1991) ("Forms [4340] are not merely a summary record of the proof, but are themselves

9   proof that assessments were made."); *see also Koff*, 3 F.3d at 1298 ("Since the

10  government has produced Certificates of Assessments and Payments on Form 4340,

11  which set forth all the information this regulation requires, the [plaintiffs] have already

12  been given all the documentation to which they are entitled by [26 U.S.C. §] 6203.");

13  *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).  Consequently, the court

14  concludes that the United States has fully supported the debts underlying its claims in this

15  action.

16       Third, Mr. Pflum's contention that his debt has been satisfied by an offset from a

17  secret Treasury account is frivolous.  The "rationale" for this argument is convoluted and

18  based upon "equal parts revisionist legal history and conspiracy theory." *Bryant v. Wash.*

19  *Mut. Bank*, 524 F. Supp. 2d 753, 758-61 (W.D. Va. 2007) (thoroughly explaining the

20  background and nature of this argument).  Federal courts have repeatedly and soundly

21  rejected the contention that the Treasury Department maintains secret accounts for each

22  United States citizen or that an individual can draw upon this secret Treasury account to

satisfy debts of any nature. *See e.g., id.* at 760 (citing *U.S. Bank, N.A. v. Phillips*, 852

N.E.2d 380, 381-82 (Ill. Ct. App. 2006); *McElroy v. Chase Manhattan Mortg. Corp.*, 36

Cal. Rptr. 3d 176, 177-80 (Cal. Ct. App. 2005); *United States v. Williams*, 476 F. Supp.

2d 1368, 1372 (M.D. Fla. 2007); *Rasheed v. Comerica Bank*, No. Civ. 05–73668, 2005

WL 3592009, at *1 (E.D. Mich. Nov. 2, 2005); *Ray v. Williams*, No. CV–04–863–HU,

2005 WL 697041, *1-2, *5-6 (D. Or. Mar. 24, 2005)).  This court likewise rejects Mr.

Pflum's contention.

Finally, the similarity between Mr. Pflum's last two filings on August 23, 2013

and September 17, 2013 (Dkt. ## 35, 37), and filings by Mr. Miller in other federal

courts, which have been repeatedly rejected or sanctioned, is plain. *See, e.g.*, *Borkholder*,

2012 WL 3256888, at *1-*2; *Booker v. United States*, 107 Fed. Cl. 52, 57 (2012); *Abalos*

*v. Greenpoint Mortg. Funding, Inc.*, No. 13–cv–00681–JST, 2013 WL 3243907, at *3-*4

(N. D. Cal. June 26, 2013).  Mr. Pflum's last two filings provide no basis for setting aside

the court's default judgment against him or the order of sale.  The court warns Mr. Pflum

that should he persist in placing frivolous filings on the docket, similar to those found at

docket numbers 35 and 37, this court will not hesitate to follow the lead of other courts

and impose appropriate sanctions.

## IV.    CONCLUSION

Based on the foregoing, the court DENIES the filings of Mr. Pflum (Dkt. ## 33,

//

//

//

1    35, 37), which the court has liberally construed as motions for reconsideration under

2    Federal Rules of Civil Procedure 55(c) or 60(b).

3         Dated this 4th day of December, 2013.

 

 

 

                                     _____

                                      JAMES L. ROBART
                                      United States District Judge